

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 95-cv-02313-RPM

CONGRESS OF HISPANIC EDUCATORS,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant,

v.

THE UNITED STATES OF AMERICA,

    Plaintiff-Intervenor.

## ORDER APPROVING CONSENT DECREE (2012) WITH CONDITIONS

On November 20, 2012, this Court preliminarily approved the proposed Consent Decree (2012) ("Consent Decree") submitted by the Parties to the Court on September 28, 2012, regarding Denver Public Schools' English Language Learner Program. The Court required the Parties to provide notice to the class pursuant to Federal Rule of Civil Procedure 23, and set a hearing for Final Approval on January 25, 2013. At that hearing, the Court, after receiving testimony from members of the Denver Public Schools' Board of Education ("Board of Education"), continued consideration of Final Approval to April 15, 2013, to allow for consideration of certain conditions for approval. Specifically, the Court directed the Board of Education, together with the other Parties, to consider what "additional monitoring" of Denver

Public Schools' ("DPS's") implementation of the Consent Decree would be appropriate, and further, to propose language that would provide DPS with greater flexibility in meeting its obligations under federal law. *See Dkt No. 81*.

After consultation, and pursuant to this Court's Order, the Parties, on March 29, 2013, jointly submitted a proposed Order to the Court, setting forth proposed conditions of approval for the Consent Decree. *See Dkt. No. 85*. The proposed Order outlined the proposed role of an independent Monitor, and a mechanism for selecting the Monitor. *Id.* Additionally, the Parties submitted to the Court a March 21, 2013 Resolution of DPS's Board of Education approving unanimously the proposed Consent Decree (2012), and providing for "enhanced collaboration with the Congress of Hispanic Educators and other stakeholders on policy formation regarding the implementation and flexibility provisions on a semi-annual basis[.]" *Dkt. No. 85-1*.

As this Court previously has noted, the proposed Consent Decree provided extensive accountability measures to ensure compliance with its terms, including, *e.g.*, detailed annual and semi-annual reporting by DPS to the United States Department of Justice ("United States") and to the Congress of Hispanic Educators ("CHE") as to DPS's compliance with all requirements of the Consent Decree; mandatory conferences among the Parties following DPS's submission of the written reports to Plaintiffs' counsel; and annual multi-day site visits to DPS schools by the United States and counsel for CHE to monitor DPS's compliance. Additionally, under the terms of the proposed Consent Decree, DPS is required to conduct its own monitoring to assess compliance with its obligations under the Consent Decree. This Court, therefore, believes that an independent Monitor will function most effectively if its role is to receive and review the reports prepared by DPS and transmitted each January 15 and July 15 to counsel for the United States and CHE and, based on those reports and any further information provided to the Monitor,

provide semi-annual written reports to the Court regarding DPS's compliance with the Consent Decree.

**ACCORDINGLY**, having reviewed the proposed Order, the Parties' submissions in support of the proposed Consent Decree, and the entire record of these proceedings, it is hereby

**ORDERED** that

Pursuant to the hearing held on April 15, 2013, and according to the Court's findings, the proposed Consent Decree with conditions is fair and reasonable and in accordance with the law;

The Consent Decree [*Dkt No. 56-1*] is approved and is effective immediately, and the 1999 Court Order approving Denver Public Schools English Language Acquisition Program and Monitor [*Dkt. Nos. 22, 33*] is hereby nullified;

As soon as practicable, the Court will appoint an independent Monitor to review and report to the Court on DPS's compliance with the Consent Decree. The role and responsibilities of the independent Monitor are set out more fully in Attachment "A." The Parties shall submit to the Court the names and *curriculum vitae* of up to five individuals recommended to serve as Monitor by May 30, 2013; and

The Monitor shall serve until the Consent Decree is lifted, or otherwise ordered by the Court.

_____
**SENIOR JUDGE RICHARD P. MATSCH**

4-16-13
_____
Date

**Attachment A**

## Independent Monitor

Duties

A. The Monitor shall evaluate DPS's compliance with the Consent Decree and report to the Court in writing regarding such compliance. To perform in that role, the Monitor shall:

  1. Receive and review the annual and semi-annual reports submitted by DPS each January 15 and June 15 to counsel for the United States and CHE.

  2. Participate in the post-report teleconferences and meetings outlined in Chapter 9.V.D. and E of the Consent Decree.

  3. Confer with counsel for any party as necessary to carry out his or her monitoring duties.

  4. Provide to the Parties the Monitor's proposed written report(s) thirty (30) days before such reports are filed with the Court; allow the Parties the opportunity to respond to concerns raised in the report prior to the filing; and consider the Parties' responses and make any appropriate modifications to the report prior to filing. The Parties may file objections with the Court regarding any provision of the report.

  5. Upon petition to the Court, be subject to removal or replacement for cause.

B. The Monitor also, if s/he deems necessary and appropriate to evaluate DPS's compliance with the Consent Decree, may:

  1. Accompany the Parties on site visits, pursuant to Chapter 10.F of the Consent Decree.

  2. Attend regularly scheduled meetings of the District-Wide and school-level parent advisory committees.

  3. Receive information from and confer with DPS personnel and other stakeholders regarding DPS compliance with the Consent Decree.

  4. Access and review documents reflecting personally identifiable information of DPS's students and staff, and accordingly shall treat such information as confidential.

Monitor Compensation

The Monitor shall be compensated for his or her services by DPS. Upon review of the proposed Monitor's qualifications and rates of service, the Parties will propose a range of compensation to be approved by the Court.